## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LON PERRY EDGE,<br>      Plaintiff,<br>v.<br>JUDGE DONALD ED PAYNE, deceased; ESTATE OF DONALD ED PAYNE; JUDGE GARY BROCK; JIMMY WALKER, Clerk, Choctaw County; RONALD LOWRIMORE, Court Reporter, Choctaw County; JANE LAMPTON, Court Secretary, Choctaw County;<br><br>VIRGINIA SANDERS, District Attorney for McCurtain County; JOHN BOUND, First Assistant District Attorney for McCurtain County; JOE WATKINS, Assistant District Attorney for Choctaw County; JAMES WOLFE, Assistant District Attorney for Pushmataha County;<br><br>LEWIS COLLINS, Sheriff for Choctaw County; TERRY PARK, Undersheriff for Choctaw County; BILL BOOKER, Deputy for Choctaw County; LARRY HENDRIX, Deputy for Choctaw County; DUSTY SPALDING, Deputy for Choctaw County; DARRELL WOFFORD, Deputy for Choctaw County; WYATT WILLIAMS, Deputy for Choctaw County; BEN MILNER, Deputy for Choctaw County; JOHN ALLEN MITCHELL, Sheriff Office, Drug Task Force; RITA KAY DUNCAN, Commissioned Sheriff Deputy, Choctaw County;<br><br>CURTIS COLLINS, A.T.F. Agent; CARLOS SANDOVAL, A.T.F. Agent;<br><br>VICKI EDGE-DIXON; CHARLIE LUCAS; JEFF LYLES;<br><br>ONE DOE, Highway Patrol, Oklahoma; and DOES 1 thru 25 in their official and individual capacities,<br>      Defendants. | Case No. CIV-07-188-RAW |

## **ORDER & OPINION**

Plaintiff, appearing *pro se*, filed this 42 U.S.C. § 1983 action on June 22, 2007. The court then allowed Plaintiff to amend his complaint out of time. He filed his Amended Complaint on January 2, 2008 against the above named defendants, alleging that they "personally acted under the

color of law to deprive Plaintiff of rights protected under the United States Constitution including the 1st, 2nd, 4th, 5th, 6th, 8th, 13th, and 14th" Amendments; the Constitution of the State of Oklahoma; 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988, 1994, and 2000; and 18 U.S.C. §§ 1001 and 1028. As to "Does 1 thru 25," Plaintiff states that they are unknown to him at this time, but that he expects that additional defendants will be identified as this action progresses. Given the number of rights Plaintiff claims have been deprived him and the number of defendants he has named, it appears that Plaintiff subscribes to the "throw it against the wall and see what sticks" method.

Now before the court are the following motions: (1) motion to dismiss by Ben Milner [Docket No. 106]; (2) motion to dismiss or for summary judgment by Curtis Collins and Carlos Sandoval [Docket Nos. 119 & 123]; (3) motion to dismiss or for summary judgment by John Bounds, Gary Brock, Jane Lampton, Ronald Lowrimore, John Allen Mitchell, Joe Watkins and James Wolfe [Docket No. 122]; (4) motion to dismiss by Vicki Edge-Dixon and Charlie Lucas [Docket No. 125]; and (5) motion to dismiss by Darrell Wofford [Docket No. 167].

Also before the court are a few other motions by various defendants and numerous motions by Plaintiff. The court receives new motions from Plaintiff almost daily. The court will not list them all here, but will first sort out the mess that is this action.

## BACKGROUND

Plaintiff is a federal inmate incarcerated at the El Reno Federal Correctional Institution in El Reno, Oklahoma. He filed this § 1983 action claiming that multiple conspiracies have occurred amongst the defendants to this action in an effort to deprive him of his life, liberty and property. For example, he accuses an A.T.F. agent of having an inappropriate personal relationship with Vicki

Edge-Dixon[1], he accuses a judge and a district attorney of having a "personal extrajudicial relationship" with Vicki Edge-Dixon, he accuses law enforcement officers of committing perjury for her, and he accuses judges of conspiring with her.

The court will not list every allegation in Plaintiff's thirty-three page Amended Complaint, but will note a few of the highlights. Plaintiff and defendant Vicki Edge-Dixon were married in 1993. According to Plaintiff, in 2003, their marriage began to deteriorate and they separated. Vicki Edge-Dixon obtained a protective order against Plaintiff, and according to Plaintiff, he also obtained one against her. Plaintiff was arrested on July 5, 2005 for violation of a protective order. Plaintiff alleges that on that same day, Ms. Edge-Dixon, together with Charlie Lucas and Jeff Lyles, fired a handgun at Plaintiff.

A look through the "factual background" of the Amended Complaint reveals that the dispute between Plaintiff and Vicki Edge-Dixon spans at least one criminal case in state court, a divorce action, and a criminal case in this court[2]. Plaintiff alleges that the defendants "engaged in a lengthy orchestrated scheme . . . to defraud, (sic) and extort Plaintiff of his personal lawfully owned assets in violation of th (sic) law and the Constitution of the United States." He further alleges: "Defendant Dixon orchestrated an illegal scheme calculated to destroy Plaintiff through the use of force, violence and intimidation. Defendant Dixon enlisted the assistance of State and Federal actors including Judges to assist her in the decimation and theft of Plaintiff's estate. In short, Defendant Dixon used

---

[1]Apparently, this is based on his allegation that he witnessed Vicki Edge-Dixon in a vehicle with the agent on or about September 20, 2005.

[2]Plaintiff was convicted in this court in case number CR-05-86 of two counts of possession of a firearm by a prohibited person and one count of possession of ammunition by a prohibited person, all in violation of 18 U.S.C. § 922(g)(8). Those offenses occurred on July 5, 2005 and September 21, 2005.

all other Defendants in her own devious scheme which will ultimately be exposed."

Plaintiff claims the following ten causes of action[3]:

(1) violation of his Fourth Amendment right to be free of unlawful search and seizure by defendants Park, Booker, Mitchell, Curtis Collins, Sandoval and "One Doe, Highway Patrol;"

(2) violation of his Fourth Amendment right "to be free from a prosecution that is not based on proable (sic) cause;"

(3) violation of his Fourth Amendment right "to be free of Malicious (sic) prosecution;"

(4) violation of his Fifth Amendment right "to be free of the deprivation of his life, liberty or property without due process of law;"

(5) deprivation of his Constitutional rights in violation of 42 U.S.C. § 1985;

(6) deprivation of his "right under State law when . . . Federal law enforcement officers conspired with State law officers to infringe on Plaintiff's Constitutional protections including The (sic) Fourth and Fifth Amendment[s] to The (sic) United States Constitution;"

(7) violation of his Fourth and Fifth Amendment rights under the United States Constitution by defendants Vicki Edge-Dixon and Judge Gary Brock;

(8) violation of his rights "under State and Federal law and the Oklahoma Constitution, the United States Constitution and Federal statutes 42 U.S.C. §§ 1981 thru 1983, 1985, 1986, 1988,

---

[3]Plaintiff's Amended Complaint is, for lack of a better phrase, all over the place. For example, in his second cause of action, he claims he was denied the right to be free from a prosecution that was not based on probable cause, yet he refers back to many paragraphs in which he is lamenting the fact that Vicki Edge-Dixon was not prosecuted. For this reason, on many of his causes of action, it is unclear which defendants Plaintiff intends to sue as members of the conspiracy. It is clear, however, that he is claiming that conspiracies between defendants occurred on all counts. Accordingly, the court will identify the defendants to each cause of action when it is clear that Plaintiff intended to limit that particular cause of action to those particular defendants. Otherwise, the court will assume that all defendants are fair game as conspirators on any cause of action.

1994, [and] 2000(d);" and 18 U.S.C. §§ 1001 and 1028;

(9) violation of his right to Equal Protection of the laws by defendants and specifically by defendants Payne, Brock, Sanders, Watkins, Wolfe, Lewis Collins, Parks, Booker, Hendrix, Spalding, Curtis Collins, Minler, Wofford, and Williams; and

(10) intentional infliction of emotional distress.

Plaintiff requests: (1) a declaratory judgment that each defendant violated the United States Constitution and state law; (2) an injunction ordering the defendants and their agents from destroying, converting or removing his property; (3) various amounts of compensatory damages from each defendant ranging from $50,000.00 to $500,000.00; (4) punitive damages against each defendant in the amount of $250,000.00; (5) other such relief as it may appear he is entitled; and (6) a jury trial on all issues in this suit.

## ANALYSIS

The court construes liberally the pleadings of all *pro se* litigants. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court accepts Plaintiff's factual allegations as true and construes them in the light most favorable to Plaintiff. Id. at 1109. "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. Id. at 1110. Moreover, this court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In order to survive a motion to dismiss for failure to state a claim, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S.544, 127 S.Ct. 1955, 1974 (2007). Plaintiff must nudge his "claims across the line from conceivable to plausible," otherwise his Amended Complaint must be dismissed. Id. While leave

to amend a complaint "shall be freely given when justice so requires," "the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint."  Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006).

The court also notes that Plaintiff has previously been granted *in forma pauperis* status in this case.  The court may *sua sponte* dismiss an action pursuant to 28 U.S.C. § 1915(e)(2)[4] "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Zapata v. Public Defenders Office, 252 Fed.Appx. 237, 238 (10th Cir. 2007) (quoting Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 920 (2007)).

**Judicial Immunity**

Plaintiff brings several claims against Judges Don Ed Payne and Gary Brock.  He also brings several claims against Jimmy Walker, Court Clerk in Choctaw County.  The doctrine of absolute judicial immunity shields judges from liability for their "official adjudicative acts."  Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002).  "This doctrine is grounded in 'a general principle of the highest importance to the proper administration of justice[: i.e.,] that a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Id. (quoting Stump v. Sparkman, 435 U.S. 349, 355 (1978)).

The doctrine of absolute judicial immunity applies to all judges and also to any judicial officer who either acts to resolve disputes between parties or to authoritatively adjudicate private

---

[4]In a case in which a plaintiff has been permitted to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

6

rights. Id. "Court clerks . . . fall within that category of judicial officers who, through the performance of 'judicial acts,' 'authoritatively adjudicate private rights.'" Id. (citation omitted).

"There are only two exceptions to this rule: (1) when the act is 'not taken in [the judge's] judicial capacity,' and (2) when the act, 'though judicial in nature, [is] taken in the complete absence of all jurisdiction.'" Stein v. Disciplinary Bd. of Supreme Court of N.M., 520 F.3d 1183, 1195 (10th Cir. 2008) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). As to the first exception, whether an action is within a judge's judicial capacity relates "to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." Mireles, 502 U.S. at 12 (quoting Stump, 435 U.S. at 362).

As to the second exception, the scope of a judge's jurisdiction is "construed broadly where the issue is the immunity of the judge." Stump, 435 U.S. at 356-57. For this exception to apply, the judge must have acted "in the clear absence of all jurisdiction." Id. The Supreme Court provides an example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction." Id. at 357 n.7.

Plaintiff complains of actions taken by Judges Don Ed Payne and Gary Brock and Court Clerk Jimmy Walker within their judicial capacities and within their jurisdiction. All three are entitled to absolute judicial immunity. Accordingly, they are dismissed from this action.

### District Attorneys

Plaintiff has brought several claims against Virginia Sanders, John Bound, Joe Watkins and James Wolfe, all state prosecutors. The Supreme Court has held that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the

7

course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). A prosecutor is entitled to absolute prosecutorial immunity for any acts performed as part of his or her role as a prosecutor, an advocate for the state. Id.; Imbler v. Pachtman, 424 U.S. 409 (1976). As defendants note, prosecutorial immunity encompasses not only a prosecutor's conduct of a trial, but all activities that can fairly be characterized as closely associated with the conduct of litigation. Imbler, 424 U.S. at 430-31.

Plaintiff's claims against these defendants are based on actions taken in their roles as district attorneys, specifically on their prosecution of him and decision(s) not to prosecute Vicki Edge-Dixon. These defendants are entitled to absolute prosecutorial immunity. Accordingly, they are dismissed from this action.

## "Does"

Plaintiff names "Does 1 thru 25" in his Amended Complaint, stating that they are unknown to him at this time, but that he expects that additional defendants will be identified as this action progresses. His addition of "Does 1 thru 25" is of no consequence, therefore, unless Plaintiff were to later amend his complaint adding these newly identified defendants. The time for amending his complaint has run. This court has previously granted Plaintiff a request to amend his complaint out of time. The court does not believe justice would be served by allowing Plaintiff to file another amended complaint. Furthermore, Plaintiff does not seem to have found further persons to add to this existing hodgepodge of a case. Accordingly, "Does 1 thru 25," nonpersons, are hereby DISMISSED from this action.

## Intentional Infliction of Emotional Distress

Under Oklahoma law, to establish a *prima facie* case of intentional infliction of emotional

distress, Plaintiff must prove the following four elements: (1) the defendants acted intentionally or recklessly; (2) the defendants' conduct was extreme and outrageous; (3) the defendants' conduct caused Plaintiff emotional distress; and (4) the emotional distress was severe. <u>Bolin v. Oklahoma Conference of the United Methodist Church</u>, 397 F.Supp.2d 1293, 1298 (N.D. Okla. 2005). Plaintiff has failed to state a claim for intentional infliction of emotional distress. While he certainly failed to meet the first three prongs required to establish a *prima facie* case, he wholly failed to meet the fourth. He has not described any emotional distress which could be considered "severe." Accordingly, this claim is DISMISSED against all defendants.

**Remaining Defendants and Claims**

Plaintiff's Amended Complaint is riddled with talk of conspiracies without any specific facts to back up his conspiracy theories. According to Plaintiff, Vicki Edge-Dixon was able to get judges, court employees, prosecutors, state law enforcement officers and federal law enforcement officers to conspire with her against him. The court understands that when a couple gets divorced, especially when the two have as much animosity towards each other as Plaintiff and Vicki Edge-Dixon, one party often feels that the entire process has treated him or her unfairly. This is, however, no basis for a lawsuit against dozens of individuals, some named and some "unknown."

Plaintiff's conspiracy theories are far-fetched at best. More importantly, Plaintiff does not include any factual allegations that would tend to show that any conspiracies ever occurred. The only allegation he makes in support of his conspiracy theory is that he witnessed Vicki Edge-Dixon riding in a car with one of the A.T.F. agents. This is simply insufficient and does not tend to show that any conspiracy ever occurred. Plaintiff makes only conclusory allegations, which are insufficient to state a claim on which relief can be based. When a plaintiff asserts a conspiracy

between a private actor and state actors, "the pleadings must specifically present facts showing agreement and concerted action. Conclusory allegations without supporting facts are insufficient." Hammond v. Bales, 843 F.2d 1320, 1323 (10th Cir. 1988). Moreover, "[t]o prevail on a conspiracy theory under Section 1983, [Plaintiff] must demonstrate a single plan and knowledge of its essential nature and scope by each of the conspirators." Hainey v. Sirmons, No. CIV-07-205-C, 2008 WL 554820 at *7 (W.D. Okla. Feb. 26, 2008).

Plaintiff claims violations of his rights protected under the United States Constitution including the 1st, 2nd, 4th, 5th, 6th, 8th, 13th, and 14th" Amendments; the Constitution of the State of Oklahoma; 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988, 1994, and 2000; and 18 U.S.C. §§ 1001 and 1028. As some defendants have noted, however, Plaintiff fails to frame or develop any perceived statutory or constitutional violations. Instead, he has wholly failed to nudge his "claims across the line from conceivable to plausible," thus his Amended Complaint must be dismissed.

## CONCLUSION

The court has liberally construed Plaintiff's Amended Complaint and finds that he has failed to state a claim for which relief can be granted against any of the defendants. Moreover, amendment of his complaint would be futile. Accordingly, the court hereby DISMISSES this action against all defendants. Docket Nos. 106, 119, 122 and 125 are hereby GRANTED, and the remaining defendants are dismissed by this court *sua sponte*. The remaining motions filed in this action are hereby DENIED as MOOT.

The court also notes that given the nature and circumstances of this case, if Plaintiff were to continue to file meritless actions, he could easily come to be considered by this court to be in the category of "hobbyist litigators" described in Westridge v. Allstate Ins. Co., 118 F.R.D. 617, 621

(W.D. Ark. 1988). "These lawsuits are not only a nuisance, but they threaten to delay justice for those who should be in federal court and who have legitimate and significant matters to litigate." Id. Plaintiff "has no absolute, unconditional right of access to the courts and no constitutional right to prosecute frivolous or malicious actions." Garrett v. Esser, 53 Fed.Appx. 530, 531 (10th Cir. 2002). Furthermore, the court "may impose restrictions commensurate with its inherent power to enter orders 'necessary and appropriate' in aid of jurisdiction." Id.; 28 U.S.C. § 1651.

If Plaintiff continues to file meritless, frivolous, malicious or abusive complaints in this court, the court will likely restrict his access such that he will not be able to file a complaint unless he is represented by an attorney or first obtains permission from the court to proceed *pro se*. Such restriction will ensure that Plaintiff's filings have merit prior to filing and will preserve judicial resources for expeditious resolution of legitimate matters.

IT IS SO ORDERED this 11th day of December, 2008.

**Dated this 11th Day of December 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma