IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LON PERRY EDGE,

   Plaintiff,

v.

   Case No. CIV-07-188-RAW

JUDGE DONALD ED PAYNE, et al.

   Defendants.

# ORDER & OPINION

Before the court are the Motion for Judgment on the Pleadings by Terry Park and Bill Booker [Docket No. 209] and the Motion for Judgment on the Pleadings by Lewis Collins, Larry Hendrix, Dusty Spalding, Darrell Wofford, Wyatt Williams, Ben Milner, Rita Kay Duncan and Jimmy Walker [Docket No. 210]. The responses were due by September 28, 2009. Plaintiff did not respond. The court also reconsiders the Motion to Dismiss or for Summary Judgment by Curtis Collins and Carlos Sandoval [Docket No. 119].

The court also notes the two motions filed yesterday, October 8, 2009: a motion to dismiss by Vicki Edge-Dixon and Charlie Lucas [Docket No. 211] and a motion for ruling on the briefs by Carlos Sandoval and Curtis Collins [Docket No. 212]. The court has not considered these motions and denies them as moot.[1]

## PROCEDURAL BACKGROUND

Plaintiff filed this 42 U.S.C. § 1983 action against several Defendants on June 22, 2007.

---

[1] The court has been informed that Plaintiff died on the evening of September 28, 2009. Thus, he will not have an opportunity to respond to these motions. The court finds it somewhat odd that these motions were filed nearly simultaneously without any mention of Plaintiff's death and obvious inability to respond, but perhaps counsel were ignorant of this development. Hmmm.

The court granted Plaintiff *in forma pauperis* status on July 17, 2007. On December 11, 2008, the court entered an Order and Opinion granting motions to dismiss and dismissing the remaining Defendants *sua sponte*. On the same day, the court entered Judgment for the Defendants and dismissing the action. Plaintiff then appealed the court's Order and Judgment to the United States Court of Appeals for the Tenth Circuit (hereinafter "Tenth Circuit").

On August 20, 2009, the Tenth Circuit affirmed the dismissal without leave to amend all of the claims in this action, except his claim "that certain defendants violated his Fourth Amendment rights when they searched his home without a warrant." Edge v. Payne, No. 08-7122, 2009 WL 2562733, at *3 (10th Cir. Aug. 20, 2009). The Tenth Circuit pointed out that "[u]nlike the rest of Mr. Edge's complaint, this portion appears to contain the necessary allegations of a constitutional violation: the date and place of a warrantless search by certain named defendants." Id.

Indeed, the first cause of action in Plaintiff's Amended Complaint alleges a violation of his Fourth Amendment right to be free of unlawful search and seizure by Defendants Park, Booker, Mitchell, Curtis Collins, Sandoval and "One Doe, Highway Patrol." The court should have separately addressed this claim. Defendants Curtis Collins and Sandoval addressed this claim in their motion to dismiss or for summary judgment [Docket No. 119]. Defendants Park and Booker submitted a motion for judgment on the pleadings [Docket No. 209], addressing this claim, on September 11, 2009, the date this court received the mandate from the Tenth Circuit. The court will address the Fourth Amendment claim against Defendant Mitchell *sua sponte*.

**STANDARD OF REVIEW**

A motion for judgment on the pleadings is evaluated under the same standards as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R.

Civ. P. 12(b)(6). Park University Enterprises, Inc. v. American Cas. Co. of Reading, PA, 442 F.3d 1239, 1244 (10th Cir. 2006).

Additionally, the court may *sua sponte* dismiss an action pursuant to 28 U.S.C. § 1915(e)(2)[2] "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Zapata v. Public Defenders Office, 252 Fed.Appx. 237, 238-39 (10th Cir. 2007) (quoting Jones v. Bock, 549 U.S. 199, 214 (2007)). The Tenth Circuit has noted that "[a] number of courts have held . . . that *sua sponte* dismissal of a meritless claim under Rule 12(b)(6) or a statutory provision does not violate due process or unduly burden a plaintiff's right of access to the courts." Curley v. Perry, et. al., 246 F.3d 1278, 1283 (10th Cir. 2001) (citation omitted).

Of course, the court will not dismiss an action unless it is clear that allowing the plaintiff the opportunity to amend his complaint would be futile. Id. at 239 (citing Trujillo v. Williams, 465 F.3d 1210, 1214 (10th Cir. 2006)). Moreover, the court construes liberally the pleadings of all *pro se* litigants. Gaines v. Stenseng, 292 F.3d 1224 (10th Cir. 2002); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court accepts Plaintiff's factual allegations as true and construes them in the light most favorable to Plaintiff. Hall, 935 at 1109. "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. Id. at 1110. This court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

---

[2]Section 1915(e)(2) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In considering a Rule 12(b)(6) dismissal, the court must determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face" as required by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff must nudge his "claims across the line from conceivable to plausible," otherwise his Complaint must be dismissed. Id.

The Tenth Circuit has explained that "'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Id. at 1248.

In a case such as this one where a plaintiff has brought claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." Id. at 1250 (emphasis in original). Otherwise, the complaint fails to provide fair notice and to present a plausible right to relief. See id.

## **ANALYSIS: FOURTH AMENDMENT CLAIM**

Plaintiff's first cause of action is an allegation of a violation of his Fourth Amendment right to be free from unlawful search and seizure by Defendants Park, Booker, Mitchell, Curtis Collins, Sandoval and "One Doe, Highway Patrol." He claims that these Defendants searched

4

his home, curtilage and out-buildings for six hours without a warrant. Plaintiff does not dispute that his then girlfriend, Ms. Morehead, gave the officers permission to search. He contends, however, that Ms. Morehead was merely a guest in his home and did not have the authority to consent to the search. He also claims that the Defendants used excessive and coercive tactics on Plaintiff and Ms. Morehead.

**Defendants Park, Booker, Mitchell, Curtis Collins and Sandoval**

The "Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained." United States v. Thompson, 524 F.3d 1126, 1132 (10th Cir. 2008) (quoting Georgia v. Randolph, 547 U.S. 102, 206 (2006)). "In other words, a third party who voluntarily consents to the search of commonly held property must have actual or apparent authority to do so. Id. (citation omitted).

"[A]ctual authority requires 'either (1) mutual use of the property by virtue of joint access, or (2) control for most purposes over it.'" Id. at 1132-33 (quoting United States v. Rith, 164 F.3d 1323, 1329 (10th Cir. 1999)). "Apparent authority exists when officers reasonably, even if erroneously, believe that the person consenting to the search has the authority to do so." Id. at 1133 (citation omitted).

The court agrees with Defendants that Ms. Morehead likely had both actual and apparent authority to consent to the search. Prior to her consent, she informed Collins that she had been living at the house with Plaintiff for approximately one and a half years. She also knew the exact location of the firearms inside the house. The court also agrees with Defendants that this showed the officers that she was a resident of the house with mutual use or control. They

reasonably relied on her statements. At the very least, Ms. Morehead had apparent authority to consent to the search.

The Fourth Amendment also "requires that consent be voluntary and 'not be coerced, by explicit or implicit means, by implied threat or covert force.'" Id. (citation omitted). "Voluntariness is a factual finding that is determined under the totality of the circumstances." Id. (citation omitted). "Factors to consider . . . include physical mistreatment, use of violence, threats, promises, inducements, deception, trickery, or an aggressive tone, the physical and mental condition and capacity of the defendant, the number of officers on the scene, and the display of police weapons." United States v. Sawyer, 441 F.3d 890, 895 (10th Cir. 2006) (citation omitted).

Plaintiff simply makes conclusory allegations that the Defendants used excessive and coercive tactics on Plaintiff and/or Ms. Morehead. He does not, however, provide any supporting factual averments. He does not allege that the officers physically mistreated Ms. Morehead, that they used violence against her, that they threatened her, that they made promises to her, that they induced her in any way, that they deceived or tricked her, or even that they used an aggressive tone with her. Moreover, he does not claim that she was in a poor physical or mental condition or capacity, that there were an excessive number of officers on the scene or that the officers displayed their weapons. In fact, only six[3] officers are named in this claim.

Furthermore, to the extent that Plaintiff intends to argue that Defendants Collins and Sandoval took him to jail so that he would not object to the search, the argument fails. He makes the conclusory allegation that Defendants Park, Booker, Sanders and Watkins arrested him

---

[3] Five officers are specifically named and "One Doe, Highway Patrol."

without cause at some point. He does not, however, state that he was arrested without cause on the day of the search, and he has not provided any supporting factual averments. Accordingly, Plaintiff's claim that these Defendants violated his Fourth Amendment right by searching his home, curtilage and out-buildings is DISMISSED.

**"One Doe, Highway Patrol"**

For the reasons stated in this court's December 11, 2008 Order, the Fourth Amendment claims against "One Doe, Highway Patrol" are dismissed. Plaintiff never amended his complaint to name the Does. Not only has the time for amending his complaint run, a final judgment was entered, and this case has been appealed. Plaintiff may not now amend his complaint.

**Any other Defendants**

Plaintiff did not specifically name any other Defendants with regard to his claim that his home was searched without a warrant and in violation of his Fourth Amendment rights. Accordingly, he has failed to state a claim against any other Defendant. See Robbins, 519 F.3d at 1248.

**Any Other Fourth Amendment Claims**

As the Tenth Circuit stated, "Mr. Edge separately alleged that certain of the defendants violated his Fourth Amendment rights when they searched his home without a warrant." Edge, 2009 WL 2562733, at *3. Additionally, "[u]nlike the rest of Mr. Edge's complaint, this portion appears to contain the necessary allegations of a constitutional violation: the date and place of a warrantless search by certain named defendants." Id.

Plaintiff alleges in his second cause of action that certain Defendants violated his Fourth Amendment right to be free from a prosecution that is not based on probable cause. He alleges in his third cause of action that certain Defendants violated his Fourth Amendment right to be

free of malicious prosecution. He alleges in his seventh cause of action that certain Defendants conspired with each other to deprive him of his life, liberty and property in violation of the Fourth Amendment.

As the Tenth Circuit stated, "[h]is assertions that together the defendants have injured him or agreed to violate his constitutional rights are simply 'conclusory allegations without supporting facts' and are thus insufficient to support his claims." Id. He does not nudge these "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Accordingly, any other Fourth Amendment claims are DISMISSED.

## CONCLUSION

For the foregoing reasons, the motions to dismiss [Docket Nos. 119, 209 and 210] are GRANTED. The motion to dismiss by Vicki Edge-Dixon and Charlie Lucas [Docket No. 211] and the motion for ruling on the briefs by Carlos Sandoval and Curtis Collins [Docket No. 212] are denied as MOOT. The Fourth Amendment claim against Defendants Park, Booker, Mitchell, Curtis Collins, Sandoval, "One Doe, Highway Patrol" and any other Defendant that Plaintiff intended to make any Fourth Amendment claims against are hereby DISMISSED.

IT IS SO ORDERED this 9th day of October, 2009.

Ronald A. White
United States District Judge
Eastern District of Oklahoma